Alright, we'll call Jonathan H v. Souderton Area School District. Good morning, your honors. May it please the court. My name is Carl Romberger. I represent the appellant of Souderton Area School District. I'd like to reserve two minutes of rebuttal time. Granted. Thank you. The case that's now before you comes by way of the Individuals with Disabilities Education Improvement Act of 2004. The issue for decision, however, does not involve the typical convoluted educational approaches disputes that we see. It's typical in these cases. Rather, it appears to be a clear, simple legal issue of the timeliness of our district's counterclaim, an IDA-based counterclaim. And in this argument, I hope not to tire you by rehashing our briefs, but to expand on three points. The first being the issue of a counterclaim in the nature of recoupment. The second, briefly about the doctrine of nullum tempus. And third, this perceived tension, perhaps, between IDEA and Rule 13. On the first point, recoupment, this is a concept noted in the briefs as well as the district court's decision. And it's not disputed that a counterclaim in the nature of a recoupment is not time-limited. And the Supreme Court, in Reiter v. Cooper, 507 U.S. 258, addressed this point of a counterclaim in the nature of recoupment. There, recoupment was described as a set-off against liability by way of a counterclaim arising from the same transaction. Recoupment in the IDEA context was discussed at some length in the case of Catherine G. v. Kenfield School District, which I don't have in the briefs. The site for that is 261 F. Subsecond 1159. In that case, after analyzing a broad range of cases, the court found that the recoupment concept applied in three circumstances. Is this a Fourth Circuit case? No, that would be the Kirkpatrick case. Okay. And that's addressed, I think, at good length in our briefs. Okay. What circuit is this one from? This came out of the Northern District of California. And again, this was after analyzing a number of the cases that were in extent at the time. The first factor is whether it arises out of the same transaction. The second is when the counterclaim seeks relief of the same sort that is raised in the plaintiff's complaint. And third, when the counterclaim does not exceed the plaintiff's demands. And those factors apply here in favor of the district. Counsel, I found it interesting. You didn't cite to our case, our own precedent, Wells v. Rockefeller. Does that apply here? I think, as I recall, Wells v. Rockefeller addresses the recoupment angle on the counterclaim. And in our briefs, we did not fully explore the issue of recoupment. We were relying more on the straightforward analysis in Kirkpatrick that the IDA counterclaim, given the unique circumstances of that case as an original civil action, but in the nature of an appeal, that a counterclaim would be timely. It would relate back. Turning to the factors, the first factor is it's clear that the transaction arises out of the same circumstances. Fundamentally, it arises out of the administrative hearing decision. I mean, the child, of course, is the same. The facts are the same. The programming disputes are the same. But ultimately, it's the same administrative decision. That is a point also addressed in the Kirkpatrick case. As I alluded to, the nature of IDA cases is such that the counterclaim is created as a result of the action itself. This is not like, for example, a contract right where a counterclaimant may assert an independent breach of contract claim. In these cases, a school district does not have an independent right of set-off against the compensatory education award until there's an award. Isn't this, are we all talking about sub-issues of the relation back issue in this case? I mean, isn't what you're talking about whether it's compulsory or not? I believe so. And that was the approach taken in our briefing in chief and in the district court that, again, given the nature of these cases, what is proper is relation back. IDA itself says that a party may bring a civil action. We know it's a civil action. The federal rules apply. The IDA also specifies that the party, quote, the party bringing the action, end quote, must do so in 90 days. It doesn't say anything about the counterclaim or timeliness about those matters. Well, in fairness, it doesn't say complain either. Correct. But in the federal courts, a civil action is initiated by filing a complaint. In this case, we also have the appellees are trying to distinguish their claims based on various discrete subskills, academic subskills, such as writing and reading. So they tend to parse out these claims into what is less than what is identified in the statute. For bringing such claims, that is identification, evaluation, programming and placement or provision of fate. So in that larger sense, it's clear that this is a civil action involving provision of fate. And it arises out of that same transition. So is there, under your argument, is there a statute of limitations for counterclaim here? Could you bring it any time? No, you'd have to bring it within the time permitted by the rules. We'd have to file it within the time permitted by the answer or by way of a motion for leave to file. So presumptively 60 days, I guess. Well, in this case, it was 60 days because the waiver service process. Right. Correct. Counsel, let me ask you in terms of an analogy, which is way out of your field, so I don't expect, but it's a tax analogy in that the government has a time limit for assessing liabilities. If you sued for a $10,000 refund, the government is released from the time limit for an offset and can say, oh no, you owe $150,000, but its relief is limited to the $10,000 that you brought timely. In other words, it can just set it off. In this case, are you saying the parents sued, fought before Judge Katz, a certain claim for, I'll call it X dollars, your counterclaim, your setoff, are you saying you are limited to the following? Okay, Judge Katz, if you order us to do X for the plaintiffs, pay them $10,000, we got a good counterclaim that's worth $50,000, but we can only block their $10,000. Or are you saying, well, we can go back and we can have an offset for more than they win before Judge Katz, if I've made that clear? Yes, I understand, and the answer is no. It cannot exceed the value of the plaintiff's claim. As I stated, the district comes into this without any claim. It's only because of the award. So let me just say this. If Judge Katz reverses the award to the parents in the first place, your counterclaim is off the books. You get nothing. If he reverses it? Let me be as clear as I can. Case disappears, right? Yes. We're back to status quo, pre-award status quo. Let me be statistically clear. The school board has awarded, and we're going to use and doesn't award $20,000 for C. Okay. The parents now come in and appeal the $20,000 they didn't get. Let me just reverse those numbers. Your offset is limited to $20,000. You can't recoup back what the board gave. You can only recoup against what Judge Katz is going to give. I believe that the answer is yes. That's all right. If I understand it properly. And forgive me if I don't. Going back to these factors quickly, the second is that the relief involved is the same. It is the compensatory education award. And using the dollar analogy, typically these might be reduced to a value. So in that sense, the district is not seeking to exceed the value of the compensatory education award. Just to bring us back to the position we were prior to the administrative award. Well, then if Judge Katz affirmed the board with regard to what the parents appealed, the counterclaim disappears. The recoupment claim is off. It just ends. It's not there. I understand. I will follow you now. Yes, and I can understand there's that line of cases out there. In our brief in chief, however, recoupment is not the main focus. The main focus is that IDEA permits a party to bring a civil action and that the federal rules then govern the time in which to bring a counterclaim. And in this case, we're seeking to vindicate the public's interest, the local school district's right, or that it provided free appropriate public education to this child and now to pull back from an additional award out of the public treasury of additional educational services that we believe are not necessary. And so it's our position that the counterclaim is not mooted. It doesn't go away by virtue of Judge Katz affirming what the final administrative panel decided. Well, then you truly want to substitute, you really, you truly want to relate back. It's not just in response. It's a true relation back. And it's as if you timely, affirmatively appealed. Yes, and that's why we're, we proceeded under the law of Kirkpatrick at that time, under that guiding law from the Fourth Circuit, that these IDEA counterclaims are viable if made within the timeline permitted by the rules. Congress specified how a civil action's initiated, it's by way of complaint, and it specified when, 90 days. It didn't say anything after that. It didn't overrule Rule 13, and it didn't say that Rule 13 doesn't apply. Well, let me use an analogy, which I'm going to confess I am stealing from Judge Hardiman's skills here. So the school board sitting there, it got half a loaf. Parents got half a loaf. The school board is content with its half a loaf, so it doesn't appeal. The parents do appeal. And now the school board, you're saying, should be able to assert its counterclaim in order to avoid having the school board forced to file a protective claim and have an extra case. But you want to go further in your primary position and say, well, we were content with half a loaf, but now that you have the nerve to file an appeal, we want to take away the half a loaf you got in the first place. We want the whole loaf. It's the moral position that you have on the recoupment only is diminished by that request. I understand your point. It's a good one. In closing up this argument in chief, though, I represent a number of districts in this area, my friend. And I mean that Mr. Stanzik represents a number of parents. He's one of the better colleagues out there. And these claims are going to keep coming up, particularly from an institutional interest of the district. Yes, we would like to win in this case, of course. But in the longer term interest of the school district, I think clarity is what's needed so that we know what the rules are going into these district court remand proceedings. Thank you. Thank you, counsel. Good morning, your honors. My name is Fred Stanzik. I am counsel for the appellees in this case, Jonathan H and his parents, John and Suzanne H. Jonathan is a child with a disability who receives special education services from the school district who is the summarizes case. I agree that it is a fairly narrow issue. The question is, does the school district have the right or either party have the right to bring an appeal of a final administrative decision more than 90 days after the issuance of that decision? Well, the answer to that's easy. No, correct. But I think the tougher question that we're presented with is once one party gets into the courthouse door in a timely fashion as you did, is the other party precluded from raising all of its defenses and counterclaims in due course consistent with the rules of civil procedure? Our answer to that is yes. And the reason is because in this type of a case, we're not talking about a counterclaim in the way that concept applies unless it's a contract action or a personal injury action where a plaintiff is suing for a sum of money and the defendant has some sort of a counterclaim or setoff, as you noted Judge Garbus, that you can, even if you are filing after the expiration of the limitation, you can file for a setoff to protect yourself to that extent. These are cases where Congress has, under the general scheme of the IDEIA, has provided that students are entitled to an appropriate education, students with disabilities. If that is denied, they have a certain right to receive compensation for that in the way of what's called, again, not monetary compensation, but compensatory education to make up for that failure. Now, in this case, there were several discrete areas in which the parents said our child was not given an appropriate education. The hearing officer said that's correct with regard to one area, which is writing, but not with regard to reading or math. And we appealed the parts that we lost within the 90 days. Our view is this, is that in IDEIA cases, and when Congress amended this law in 2004, it inserted the 90-day limitation, it considered these kinds of policy questions and made a Well, I don't remember seeing that in your brief to demonstrate that that's true. Well, I think that the fact that the statute itself is a limitation on bringing of an appeal, which is, I think, as we indicated in a brief, distinct from a more traditional kind of civil action for damages or for injunctive relief. Congress said, if you want to appeal the final decision of an administrative agency, you must do that within 90 days. Each side has that right. The fact that one side exercises the right does not create a right of extension. And I think that by analogy... But they're not appealing, though. They're counterclaiming. I mean, this is, it seems to me, a fascinating case of nomenclature almost, right? Right. I mean, we know they can't appeal beyond 90 days, but my concern is that if we go your way and establish a clear rule of law that supports your position, what we're essentially doing is telling school districts to appeal the vast majority of these cases. I had the opportunity to see several of these cases on the trial court, and in my experience, and you have more experience in the area than I do, you can enlighten me, but in my experience, it was common for the boards to split the baby, so to speak. So if the parents want 300 hours of compensatory education and the board gives them 50, the school district might say, okay, you know, we're not going to waste the taxpayers' money. We're not going to challenge this, even though we think it's wrong. We'll take our lumps and give the child the 50 hours. But if we go your way, the school districts are going to have to appeal every single one of those cases. Well, the reason I don't think that's really, that would be the effect is twofold. One, because I do practice in this area, when I receive an administrative decision, and whether that's in Pennsylvania, we had the two-tier process recently gone to the one-tier, you know how long you have to appeal. I simply call the other attorney or email the other attorney and say, how are you going to appeal this? So I think there are ways of determining whether or not that's going to happen. If I get no answer, I assume the other side is going to appeal and act accordingly. Well, but they're at their peril, though. I mean, appeals, it's not unusual for appeals to occur on the 90th day or the 30th day or the 60th day, depending upon what the time from is. That's de rigueur. So, you know, they're at their peril. They're going to have to appeal all these for fear that on the 90th day, in the hypothetical I've provided, the party is going to appeal and say, oh, no, we don't want 50 hours, we want all 300. One of the, I guess one comment I would like to respond to, as far as the board, as you call it, splitting the baby, that really is not my experience. I think if you look at the administrator decision in this case, that's not what happened. It wasn't an attempt to sort of, in a Solomon-like fashion, give each side something. The hearing officer analyzed each claim separately. But is it your experience that the parents get everything they ask for typically in these cases from the board? No. Are you saying you get 100 percent of the remedy in most of the cases you bring? No, no. And I assume you don't get nothing in most of the cases you bring. Correct. But again, that's a factor of, and there are cases where I've gotten 100 percent and we get relatively one or two where I've got nothing. But the normal cases, you get some of what you asked for and not all of it, right? Typically, I would say, yes, that's probably. And they're going to have to Again, I think that that's a judgment that both sides make, not just the school district. Well, it is. You are just as likely to have been on the other side of these cases on this case, so that, I mean, it's not necessarily because you represent the parents that you're making this argument. You might be in his position. Exactly right. The problem is, as the chargeman points out, you get a case and you don't get 100 percent. You get 250 hours instead of 300, and you don't get the use of a computer. And you sit down with the parents and the parents say, okay, that's enough. And let's also assume you're not you. You don't have a special relationship with all the other attorneys, the normal relationship. And you're sitting there and you may have to tell the parents, we better timely file an appeal because if the school board does, we're stuck. And that's the danger here, that we are fomenting unnecessary appeals. Well, again, in my view, Your Honor, I think that parties, I know that I make a judgment about whether or not we feel, you know, the relief that was given was supported by the evidence, whether we can defend it, whether we appeal a remedy that we lost or not. We make those decisions based on each individual case. And again, I think my sense of that is that Congress, when they passed the 90-day limitation, they did do that with the intention that these cases move forward in an expeditious manner. And they did not want to see cases dragged down. And before that amendment, there was no specific limitation in the law. This court had ruled that it was most likely a two-year limitation. Other states, for instance, New York had a four-month limitation that was their administrative review process. We've all had clients. You're sitting with your client. It's the 89th day. You tell the parents, I assume you don't work for nothing. It's going to cost you X thousand dollars for an appeal. And, you know, we didn't get the 300. We didn't get the computer. And the parents say, nah, forget it. Then you come back the next day, oh, the school board appealed. It's going to cost you $10,000. Oh, okay, good. Now, we might as well go after the computer. And you've got to say, well, no, we kind of blew the limitations. I mean, that's a hell of a position to put you in. Well, I've never considered it to be, in my view, Your Honor, the statute says you have 90 days. And I know that because I'm familiar with that limitation. So I advise my clients accordingly that that's what we have to appeal. If we want to file an appeal of a part of an adverse decision, we have that amount of time in which to do it. The other point that was brought up during Mr. Romer's argument is that Well, before you move from that point, in a general sense, not in this particular case, but do you also advise your client, hey, there's a possibility we may be still pulled into court because the other side may sue for what? Sure, of course. I hope I do that in every case. Then my clients need to be aware of what the possible avenues of appeal are. So we all approach that with open eyes. And the reason we do that is because the law is, I believe, very clear as to how long you have to appeal. The other, I guess, characteristic of these cases is that, again, it's not a matter of, in this case, for instance, the hearing officer said, okay, school district, he's entitled to 45 minutes of compensatory education per day for a certain number of school days. So she didn't say he's entitled to $25,000 or $30,000. It was compensatory education, and that in itself can be another issue, but it's a matter of amount of instruction, and he's due for a specific denial of an appropriate education in a specific area. If she found that he was also denied in a second area, there would have been an additional amount. So to say that by way of a counterclaim, the district ought to be able to come in and say, well, we'll take that away because we're going to file our claim. It really, in this area, does not work in that way because we're talking about educational services for children with disabilities. If it's a determination that those services have been denied, the child is entitled to remedial services in order to bring them up to par with where they should have been had they received that kind of instruction. Can I ask you a question? I asked your adversary, Wells versus Rockefeller, you did cite that. Is that determinative here? Does that help us? Well, I think it's helpful in a sense that the case, let me just, I did review that when you brought it up, your honor. Essentially, it involves whether or not counterclaims for affirmative relief are subject to statutes of limitation. I think it is instructive here to that extent. The, I guess the defining factor of whether or not the claim of six affirmative relief is determinative of whether or not the, or as opposed to a claim of recoupment, which is what Judge Gavis brought up. And here, because the limitation, the 90-day limitation had passed, I think that the district would be limited to a recoupment, which, as is pointed out, would disappear if Judge Katz then affirms the part that they already want, which happened in this case. It becomes somewhat of a moot point. And again, I think that again, this would be a consistent view or consistent rule in a case like this where there was an award, it was not appealed, it was only appealed afterwards. So if it's looked at as a recoupment, there is nothing to recoup against at that point. I believe that, finally, Your Honors, I guess the, well, I guess I'm still struggling with whether we talk about the statute of limitations or time for appeal. If, I mean, if I'm in a tort case, typical two-year statute of limitations, you sue my client, I file a counterclaim, we duke it out in the trial court, each side gets a moderately successful result. One side wants to not appeal and let it stand, the other side decides to take an appeal. Even if it took us six years to get to trial, when you file the appeal and I file my cross appeal, I mean, you can't say, oh, it's a tort case, it's two years statute of limitations, you can't come back at me on cross appeal. Aren't we really talking about a cross appeal here? No, I don't think so. We're talking about... I know it's a complaint with a counterclaim, but it just feels intuitively a lot more like a cross appeal than it does an initial action that's controlled by a statute of limitations. Actually, I agree with that. It is an appeal, and that is the reason that we cited the Maryland case, because that's the way the court characterized these cases, as it's really not a traditional kind of claim that you file in a tort or contract claim, it's an appeal of administrative decision. And it... And let me just, let me add one other little wrinkle to it. And these claims that your adversary is trying to press on counterclaim that you're trying to block, those issues were all joined and argued before the board. These aren't new things that they're throwing over the transom that weren't joined before the board, are they? It was all brought as part of the initial claim that the parents brought, yes. I mean, we said he was denied an appropriate education in these areas, but those claims were discreetly analyzed and decided upon, ultimately, but it was all part of the same claim, yes. But... And I think that the point of a cross appeal is a good one because, again, as we argued in our briefs, that in the Federal Rules of Appellate Procedure, for instance, Rule 4A, says if you file an appeal on the 30th day, your opponent gets 14 days to file a cross appeal. But it specifically says that. And the rules in that case were intended to create that right of a cross appeal, that 14-day window in which to do that. There is no... But here, the Federal Rules say that when you sue my client, I can file a counterclaim in my answer. And as long as I do it in my answer, I'm timely. Yeah, what the rule actually says, specifically says, is that you can bring a claim that you for whatever reason, the time specified in the rule was the time of service. And again, as we argued, the Supreme Court has specifically required strict construction based on the language of the actual rule or statute in the case actually involving the IDPA. But why is that counterclaim no longer viable at the time of service? How does it disappear? Well, it becomes viable if it's filed or if it's either filed within the statutory limitation. And if it's not filed... I don't need to bring it within 90 days because I'm not the party bringing the action. You're the party bringing the action. I'm filing the counterclaim. Well, I think what the rule actually says is that it has to be viable. In other words, the statute of limitations must not have passed by that time. Because that rule, 13A is a compulsory counterclaim rule. It is really not meant to extend any limitation. It is meant to assure that for reasons of judicial efficiency, that compulsory counterclaims are all in the same action together with the original claim so that you don't have a separate action brought at some later time. I think that's the intent of that rule. It isn't created, and there's certainly nothing in the language of the rule itself that creates any kind of an extension for the filing of any claim whatsoever. Thank you, counsel. Thank you, Your Honor. Thank you. Very briefly, Judge Hardiman, addressing your questions there at the end, I think the proper way to characterize these IDA cases is as a civil action that is in the nature of an appeal. It started that way, but how it unfolds is really in the nature of an appeal. And I think we can all understand, reading the cases, that these IDA cases are truly unique, and that they have a particular standard of review. They come in their own particular ways, and there can be viable counterclaims. And with that understanding, and the arguments outlined in our brief, I believe that the relation back to the initial complaint filing is the appropriate way to approach these cases. That will promote the judicial efficiency that my colleague was talking about. I mean, you argue relation back successfully because Rule 15 specifically provides for relation back, and Rule 13 doesn't. And I mean, that seems to go against you pretty heavily. I understand that. And the other way we can perhaps do these cases then is if, instead of filing protective complaints, we'd be filing motions for leave, for permission to file a discretionary counterclaim, and leave it up to the district. If there's one thing we don't need, it's more paper of that sort. And I agree. That's why I urge again, and I know this is, it's a small issue, but in our big world of special ed, this is getting a lot of attention because we do need that clarity. I think we may need to analogize to other areas. I mean, we have an alphabet soup of administrative agencies. How does the Department of Labor appeals from, we don't get this in the Social Security area because the government never appeals those when the government loses. But what about Department of Labor, Department of Labor, et cetera? How does this work in those areas? Unfortunately, I'm not familiar with that. I have thought of that issue, and I tend to believe that perhaps in those appeals, there's not a sort of offset type of counterclaims that a local school district, as in our case, would be making. And just the final point that, with respect to legislative history, I mean, I've been through the congressional record. I've been through the briefs, I've had our research librarians look at, and really haven't found anything on this point. And if you want to go back to 1981, you can look at this court's decision in this to Karshick v. Forrest Hills, which looked at the issue way back then. Thank you. Thank you, counsel. Excellent briefing, excellent oral argument. We'll take this case under advisement.